FILED
2020 May-01 AM 09:08
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **CRYSTAL P. DORSETT,** | ) |
| **Plaintiff,** | ) |
| v. | ) CASE NO.: |
| **OIL EQUIPMENT COMPANY, INC.,** | ) |
| **Defendant.** | ) |

# COMPLAINT

## PLAINTIFF HEREBY DEMANDS TRIAL BY STRUCK JURY

**I.    INTRODUCTION**

1. This is an action for declaratory judgment, equitable relief, and money damages instituted to secure the protection and redress the deprivation of rights secured through Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e) et seq. (hereinafter "Title VII").

2. Plaintiff Crystal P. Dorsett (hereinafter "Plaintiff" or "Dorsett") demands a trial by struck jury pursuant to 42 U.S.C. § 1981(a).

**II.    JURISDICTION and VENUE**

3. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 and 1343.

4. Venue is proper pursuant to 28 U.S.C. § 1391.

5. Plaintiff filed her Charge of Discrimination with the Equal Employment Opportunity Commission within 180 days of the Defendant's discriminatory act(s) and filed this action within 90 days of receipt of her Notice of Right to Sue.

Dorsett v. Oil Equipment Co., Inc.
Complaint
Page 2 of 5
_____

**III.    PARTIES**

      6.   Plaintiff is a female, over the age of nineteen, and a citizen of the United States.

      7.   Defendant Oil Equipment Co., Inc., is an employer as defined by Title VII and is located in Trussville, Alabama.

**IV.    FACTS and CAUSES OF ACTION**

      8.   Dorsett went to work for Defendant on January 26, 2016, as an accounting assistant.

      9.   Between January 2016 and September 2019, Dorsett performed her duties and responsibilities in a satisfactory manor and was never subjected to any disciplinary action from the Defendant.

      10.  In September 2019, Dorsett informed the Defendant she was six months pregnant.

      11.  Immediately after Dorsett informed Defendant she was pregnant, the Defendant began subjecting Dorsett to much scrutiny and began harassing Dorsett regarding her performance.

      12.  Similarly situated male employees were not subjected to the same level of scrutiny or harassment regarding their performance.

      13.  Defendant terminated Dorsett's employment on October 10, 2019.

      14.  Defendant issued Dorsett a letter of termination that stated Dorsett was terminated for (1) leaving for lunch on October 9, 2019, without telling anyone; (2) not bringing AR aging communication into AR meetings; (3) not processing requests sent by Mapco on August 9, 2019; and (4) not filing timesheets.

      15.  Plaintiff had never been disciplined for either of these acts/failures to act prior to October 10, 2019.

16. Each of the reasons stated in the termination letter are either fictitious or not violations of the Defendant's policies, practices, or procedures and a pretext for discrimination.

17. Similarly situated male employees and other employees who are not pregnant are given light duty assignments, paid leave, unpaid leave, and other accommodations when they give the Defendant notice of injuries, illnesses, and other health related conditions.

18. Oil Equipment Company, Inc., discriminated against Plaintiff in violation of Title VII of the Civil Rights Act of 1964 by terminating her on the basis of her gender and pregnancy.

19. Plaintiff has lost wages and suffered emotional distress and mental anguish as a direct result of the discriminatory policies, practices, and procedures of Defendant.

## COUNT I - DISCRIMINATION BASED ON GENDER

20. Plaintiff incorporates paragraphs 1-19 as if set out in there entirety herein.

21. Plaintiff is a female.

22. Defendant subjected plaintiff to increased scrutiny and harassment based upon her gender.

23. Defendant subjected plaintiff to disparate treatment with regard to disciplinary actions on the basis of her gender.

24. Defendant terminated plaintiff's employment on the basis of her gender in violation of Title VII.

25. Plaintiff has suffered loss of income, emotional distress, and mental anguish as a result of the Defendant's discriminatory policies, practices, and procedures.

Dorsett v. Oil Equipment Co., Inc.
Complaint
Page 4 of 5

_____

## COUNT II - DISCRIMINATION BASED ON PREGNANCY

26. Plaintiff incorporates paragraphs 1-19 as if set out in there entirety herein.

27. Plaintiff is a female.

28. In September 2019, Plaintiff told the Defendant she was 6 months pregnant.

29. After Plaintiff told Defendant she was pregnant, Defendant subjected Plaintiff to increased scrutiny and harassment.

30. After Plaintiff told Defendant she was pregnant, Defendant subjected Plaintiff to disparate treatment with regard to disciplinary actions.

31. Similarly situated male employees and other employees who are not pregnant are given light duty assignments, paid leave, unpaid leave, and other accommodations when they give the Defendant notice of injuries, illnesses, and other health related conditions.

32. Defendant terminated Plaintiff's employment on the basis of her pregnancy in violation of Title VII.

33. Plaintiff has suffered loss of income, emotional distress, and mental anguish as a result of the Defendant's discriminatory policies, practices, and procedures.

**V.   PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully prays that this Court will take jurisdiction over this action and after a trial on the merits:

A. Issue a declaratory judgment that the employment policies, practices, procedures, conditions, and customs of the Defendant have violated the rights of the Plaintiff as secured by Title VII;

Dorsett v. Oil Equipment Co., Inc.
Complaint
Page 5 of 5

_____

B. Grant Plaintiff a permanent injunction enjoining the Defendant, its agents, successors, employees, attorneys, and those acting in concert with Defendant and at the Defendant's request from continuing to violate Title VII;

C. Enter an Order requiring the Defendant to make the Plaintiff whole by reinstating Plaintiff into the position she would have occupied in the absence of discrimination and awarding him lost wages, compensatory damages, and punitive damages; and

D. Plaintiff further prays for such other relief and benefits as the cause of justice may require including, but not limited to an award of costs, attorneys' fees, and expenses.

Respectfully submitted,

/s/Scott A. Gilliland
Scott A. Gilliland, Counsel for Plaintiff
ASB-6604-L67S

Law Office of Scott Gilliland
400 Vestavia Parkway Suite 100
Vestavia Hills, Alabama 35216
Telephone: 205.978.8800
E-mail: scott@scottgilliland.net

**Defendant's Address:**

Oil Equipment Company, Inc.
6841 Gadsden Highway
Trussville, AL 35173

**Plaintiff will issue a Notice of Lawsuit and Request for Waiver of Service of Summons to the Defendant.**